**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Rosalind Smith,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No.** |
| v. ) | |
| ) | |
| **AFS Acceptance, LLC, a Florida Limited** ) | |
| **Liability Company; Unknown Repossession** ) | |
| **Company, Individually, and as Agent, Apparent** ) | |
| **Agent, Servant, and/or Employee of AFS** ) | |
| **Acceptance Company; Unknown Repossession** ) | |
| **Agents, Individually, and as Agents, Apparent** ) | |
| **Agents, Servants, and/or Employees of Unknown** ) | |
| **Repossession Company,** ) | |
| ) | **JURY DEMANDED** |
| **Defendants.** ) | |

## COMPLAINT AT LAW

**NOW COMES Plaintiff**, **Rosalind Smith** by her Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, state the following against the above named **Defendants**:

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and this Court's supplementary jurisdiction powers. Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business within this District.

## PARTIES

1. **Plaintiff, Rosalind Smith** ("**Rosalind**"), is a natural person, a citizen of the City of Chicago, County of Cook, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2. **Defendant, AFS Acceptance, LLC** ("**AFS**"), is a Florida Limited Liability Company licensed to do business in Illinois, is conducting business in the Northern District of Illinois, and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4).

3. **Defendant, Unknown Repossession Company**, is likely a corporate entity, who conducts business in the Northern District of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. At all times relevant, **Unknown Repossession Company** was the agent, apparent agent, servant, and/or employee of **AFS**, and was acting in the due course and scope of said agency, servitude, and/or employment.

5. **Defendants, Unknown Repossession Agents**, are each natural persons who conduct business in the Northern District of the State of Illinois, United States of America, and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. At all times relevant, **Unknown Repossession Agents**, were each the agent, apparent agent, servant, and/or employee of **Unknown Repossession Company**, and were each acting in the due course and scope of said agency, servitude, and/or employment.

## FACTUAL ALLEGATIONS

7. Prior to August 2010, **Rosalind** purchased a motor vehicle (hereinafter "vehicle"), to wit, a 2005 Jeep Liberty, by taking out a consumer auto loan from **AFS**, secured by said vehicle.

8. At some point thereafter, **Rosalind** fell behind on her payments under said loan.

9. On August 16, 2010, the vehicle was parked in the driveway on private property at **Rosalind's** mother's house.

10. On said date, **Unknown Repossession Agents** backed a tow truck up said driveway and began to hook the vehicle up.

11. On said date, three of **Rosalind's** children and **Rosalind's** mother were present, among others, at said residence.

12. On said date, one of said children noticed **Unknown Repossession Agents** hooking the vehicle up to the tow truck .

13. On said date, **Rosalind's** mother and children ran outside to see what was going on.

14. On said date, **Rosalind's** mother asked **Unknown Repossession Agents** what was going on and why they were taking the car, to which, one of the **Unknown Repossession Agents** responded that they were taking the vehicle for non-payment of the loan.

15.     On said date, one of **Rosalind's** daughters opened the door to the vehicle and got into it.

16.     On said date, **Unknown Repossession Agents** continued to hook the vehicle up to the tow truck and then raised the rear of the vehicle with **Rosalind's** daughter still in the vehicle with the door of the vehicle open.

17.     On said date, **Unknown Repossession Agents** started to tow the vehicle out of the driveway with **Rosalind's** daughter still in the vehicle.

18.     On said date, **Rosalind** arrived at the scene and yelled for **Unknown Repossession Agents** to stop towing the vehicle and to put it down because her daughter was in the vehicle.

19.     On said date, **Rosalind** also jumped into the vehicle with her daughter.

20.     On said date, **Unknown Repossession Agents** continued to tow the vehicle out of the driveway and into the street.

21.     On said date, police officers were called to the scene and arrived while **Unknown Repossession Agents** were towing the vehicle with **Rosalind** and her daughter still in it.

22.     On said date, said police officers told **Unknown Repossession Agents** to stop towing the vehicle and **Unknown Repossession Agents** complied.

23.     On said date, **Rosalind** and her daughter exited the vehicle.

24.     On said date, said police officers told **Unknown Repossession Agents** to return the vehicle to its original place in the driveway.

25.     On said date, throughout the repossession attempt, **Rosalind's** mother, children, and individuals from neighboring residences that were at the scene yelled at **Unknown Repossession Agents** to stop towing the vehicle away with individuals in the vehicle and the vehicle's doors open.

26.     The aforementioned conduct by **AFS**, by and through its agent, apparent agent, servant, and/or employee, **Unknown Repossession Company; Unknown Repossession Company**, by and through **Unknown Repossession Agents**, as its agents, apparent agents, servants, and/or employees; and **Unknown Repossession Agents**, individually, and as agents, apparent agents, servants, and/or employee of **Unknown Repossession Company,** constituted a "breach of the peace" in violation of 810 ILCS 5/9-609(b)(2).

27.     As a result of said breach of the peace, **Defendants** did not have a present right to possession of the vehicle.

## COUNT I
### Plaintiffs v. Unknown Repossession Company; and Unknown Repossession Agents
### Fair Debt Collections Practices Act

1-27.   **Plaintiff** restates and re-alleges paragraphs 1-27 of the common counts, as and for paragraphs 1-27 of Count I, as though fully set forth herein.

28.   The aforementioned conduct by, **Unknown Repossession Company,** by and through its agents, apparent agents, servants, and/or employees, and **Unknown Repossession Agents,** individually, and as agents, apparent agents, servant, and/or employees of **Unknown Repossession Company,** violated the Fair Debt Collections Practices Act, as aforesaid.

29.   As a direct and proximate result of **Unknown Repossession Company's** and **Unknown Repossession Agents'** violations of the FDCPA as aforesaid, **Plaintiff** suffered injuries of a personal and pecuniary nature.

30.   As a result of **Unknown Repossession Company's** and **Unknown Repossession Agents'** violations of the FDCPA, as aforesaid, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from **Unknown Repossession Company** and **Unknown Repossession Agents**; and each of them.

   **WHEREFORE**, **Plaintiff** prays that judgment be entered against **Unknown Repossession Company** and **Unknown Repossession Agents,** and each of them, and in favor of **Plaintiff**:

   a.   for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
   b.   for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
   c.   for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
   d.   for any other such further relief as may be just and proper.

## COUNT II
### Plaintiffs v. AFS; Unknown Repossession Company; and Unknown Repossession Agents
### Violation of 810 ILCS 5/9-609(b)(2)

1-27. **Plaintiff** restates and re-alleges paragraphs 1-27 of the common counts, as and for paragraphs 1-27 of Count II, as though fully set forth herein.

28. As a direct and proximate result of **AFS'S; Unknown Repossession Company's; and Unknown Repossession Agents'** violations of 810 ILCS 5/9-609(b)(2) as aforesaid, **Plaintiff** suffered injuries of a personal and pecuniary nature.

29. As a result of **AFS'S; Unknown Repossession Company's; and Unknown Repossession Agents'** violations of 810 ILCS 5/9-609(b)(2), as aforesaid, **Plaintiff** is entitled to actual damages, statutory damages, and reasonable attorney's fees and costs, from **AFS; Unknown Repossession Company; and Unknown Repossession Agents**, and each of them

**WHEREFORE**, **Plaintiff** prays that judgment be entered against **AFS; Unknown Repossession Company; and Unknown Repossession Agents,** and each of them, and in favor of **Plaintiff**:

a. for an award of actual damages, pursuant to 810 ILCS 5/9-625;
b. for an award of statutory damages, pursuant to 810 ILCS 5/9-625;
c. for an award of costs of litigation and reasonable attorney's fees pursuant to 810 ILCS 5/9-625; and
d. for any other such further relief as may be just and proper.

## COUNT III
### Plaintiffs v. AFS
### Negligence

1-27. **Plaintiff** restates and re-alleges paragraphs 1-27, as and for paragraphs 1-27 of Count III, as though fully set forth herein.

28. At all times relevant, **AFS**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Repossession Company's** repossession agents were likely to breach the peace when repossessing a vehicle from **Plaintiff** and others, at the time it hired **Unknown Repossession Company**.

29. At all times relevant, **AFS**, had a duty to exercise due care in the hiring, retention, and supervision of the repossession agencies in its employ.

30. Notwithstanding the aforesaid duty, **AFS**, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

    a. Carelessly and negligently hired **Unknown Repossession Company**;

    b. Carelessly and negligently retained **Unknown Repossession Company**; and

    c. Carelessly and negligently, failed to properly supervise **Unknown Repossession Company**.

31. As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Repossession Company** violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while repossessing **Plaintiff's** vehicle.

32. As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature.

    **WHEREFORE**, **Plaintiff** prays that judgment be entered against **AFS**, and in favor of **Plaintiff**:

    a. for an award of actual damages;

    b. for an award of costs of suit; and

    c. for any other such further relief as may be just and proper.

**COUNT IV**
**Plaintiffs v. AFS**
**Willful, Wanton Behavior**

1-27. **Plaintiff** restates and re-alleges paragraphs 1-27 of the common counts, as and for paragraphs 1-27 of Count IV, as though fully set forth herein.

28. At all times relevant, **AFS**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Repossession Company's** repossession agents were likely to breach the peace when repossessing a vehicle from **Plaintiff** and others, at the time it hired **Unknown Repossession Company**.

29. At all times relevant, **AFS** had a duty to exercise due care in the hiring, retention, and supervision of the repossession agencies in its employ.

30. Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to repossess from, including **Plaintiff**, **AFS**, by and

through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

    a.    Willfully and wantonly hired **Unknown Repossession Company**;

    b.    Willfully and wantonly retained **Unknown Repossession Company**; and

    c.    Willfully and wantonly failed to properly supervise **Unknown Repossession Company**.

31.    As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Repossession Company** violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while repossessing **Plaintiff's** vehicle.

32.    As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature.

    **WHEREFORE**, **Plaintiff** prays that judgment be entered against **AFS**, and in favor of **Plaintiff**:

    a.  for an award of actual damages;

    b.  for an award of punitive damages;

    c.  for an award of costs of suit; and

    d.  for any other such further relief as may be just and proper.

**COUNT V**
**Plaintiffs v. Unknown Repossession Company**
**<u>Negligence</u>**

1-27.    **Plaintiff** restates and re-alleges paragraphs 1-27, as and for paragraphs 1-27 of Count V, as though fully set forth herein.

28.    At all times relevant, **Unknown Repossession Company**, knew, or should have known, that **Unknown Repossession Agents** were likely to breach the peace when repossessing a vehicle from **Plaintiff** and others, at the time **Unknown Repossession Agent** were hired.

29.    At all times relevant, **Unknown Repossession Company** had a duty to exercise due care in the hiring, training, retention, and supervision of the repossession agents in its employ.

30.    Notwithstanding the aforesaid duty, **Unknown Repossession Company** breached their duty in one or more of the following ways:

    a.    Carelessly and negligently hired **Unknown Repossession Agents**;

    b.    Carelessly and negligently trained **Unknown Repossession Agents**;

    c.    Carelessly and negligently retained **Unknown Repossession Agents**; and

    d.    Carelessly and negligently, failed to properly supervise **Unknown Repossession Agents**.

31.    As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Repossession Agents** violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while repossessing **Plaintiff's** vehicle.

32.    As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature.

    **WHEREFORE**, **Plaintiff** prays that judgment be entered against **Unknown Repossession Company**, and in favor of **Plaintiff**:

    a.    for an award of actual damages;

    b.    for an award of costs of suit; and

    c.    for any other such further relief as may be just and proper.

## COUNT VI
### Plaintiffs v. Unknown Repossession Company
### Willful, Wanton Behavior

1-27.    **Plaintiff** restates and re-alleges paragraphs 1-27, as and for paragraphs 1-27 of Count VI, as though fully set forth herein.

28.    At all times relevant, **Unknown Repossession Company**, knew, or should have known, that **Unknown Repossession Agents** were likely to breach the peace when repossessing a vehicle from **Plaintiff** and others, at the time **Unknown Repossession Agents** were hired.

29.    At all times relevant, **Unknown Repossession Company** had a duty to exercise due care in the hiring, training, retention, and supervision of the repossession agents in its employ.

30.    Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to repossess from, including **Plaintiff**, **Unknown Repossession Company** acted willfully and wantonly in one or more of the following ways:

    a.    Willfully and wantonly hired **Unknown Repossession Agents**;

    b.    Willfully and wantonly failed to properly train **Unknown Repossession Agents**;

    c.    Willfully and wantonly retained **Unknown Repossession Agents**; and

      d.    Willfully and wantonly failed to properly supervise **Unknown Repossession Agents**.

31.    As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Repossession Agents** violated the FDCPA and 810 ILCS 5/9-609(b)(2) as aforesaid, while repossessing **Plaintiff's** vehicle.

32.    As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature.

    **WHEREFORE**, **Plaintiff** prays that judgment be entered against **Unknown Repossession Company**, and in favor of **Plaintiff**:

      a. for an award of actual damages;
      b. for an award of punitive damages;
      c. for an award of costs of suit; and
      d. for any other such further relief as may be just and proper.


Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiffs*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 1170
Fax 312-476-8530