**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Rosalind Smith; Rashai Jackson** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No.  11-cv-5340** |
| **v.** | ) | |
| | ) | |
| **AFS Acceptance, LLC, a Florida Limited** | ) | |
| **Liability Company; Equitable Services, Inc.,** | ) | |
| **Individually, and as Agent, Apparent Agent,** | ) | |
| **Servant, and/or Employee of AFS Acceptance;** | ) | |
| **Unknown Repossession Agents, Individually,** | ) | |
| **and as Agents, Apparent Agents, Servants,** | ) | |
| **and/or Employees of Equitable Services, Inc.,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

**<u>MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT, AFS' MOTION TO</u>**
**<u>DISMISS</u>**

Now come Plaintiffs, Rosalind Smith ("Rosalind") and Rashai Jackson ("Rashai"), by

and through their attorneys, Robert J. Semrad & Associates, L.L.C., and in response to

Defendant, AFS Acceptance, LLC'S ("AFS"), motion to dismiss, states as follows:

**INTRODUCTION**

Plaintiffs have filed a complaint at law alleging a number of statutory and common law

counts against AFS, Equitable Services, Inc. ("Equitable"), and unknown repossession agents,

stemming from an attempted repossession of Rosalind's vehicle. Count II alleges that AFS and

Equitable violated 810 ILCS 5/9-609(b)(2), commonly referred to as the "self-help repossession"

statute. (See Count II, "Exhibit A"). Counts III and IV allege that AFS was negligent or

willful/wanton in hiring, supervising, and retaining Equitable as the repossession company. AFS

has brought this instant motion to dismiss all of the counts against it. AFS' motion should be

1

denied in full for the reasons stated below. In the alternative, Plaintiffs should be granted leave
to amend their complaint.

**STANDARD**

At the pleading stage, plaintiffs' factual allegations must be enough to raise a right to
relief above the speculative level. Fed.Rules Civ.Proc.Rule 8(a), *Brooks v. Ross*, 578 F.3d
574 (C.A.7 (Ill.), 2009). Here, at the motion to dismiss stage Plaintiffs must only plead facts
which would give rise to a right to relief beyond a speculative level. In *Bell Atl. Corp. v.
Twombly,* 550 U.S. 544, 127 S.Ct. 1955, (2007), the Court turned its attention to what was
required of plaintiffs at the pleading stage. It concluded that plaintiffs' "[f]actual allegations must
be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. 1955. The
Court was careful to note that this did not impose a probability requirement on plaintiffs: "a well-
pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is
improbable, and that a recovery is very remote and unlikely." *Id.* at 556. The Court did require,
however, that the plaintiffs' claim be "plausible." In other words, "it simply calls for enough
facts to raise a reasonable expectation that discovery will reveal evidence" supporting the
plaintiff's allegations. *Brooks,* citing *Bell Atl. Corp*.

**ARGUMENT**

I.      **AFS IS LIABLE FOR THE EQUITABLE'S BREACH OF THE PEACE
        BECAUSE OTHER COURTS IN THIS DISTRICT HAVE HELD
        SECURED CREDITORS LIABLE UNDER OFFICIAL COMMENT
        THREE AND TO FIND OTHERWISE LEAVES CONSUMERS WITHOUT
        A REMEDY AND GIVES SECURED CREDITORS AN INCENTIVE TO
        HIRE INDEPENDENT CONTRACTORS WHO ROUTINELY BREACH
        THE PEACE TO REPOSSESS VEHICLES AT ANY COST.**

AFS' motion makes a number of arguments against finding it liable for

Equitable's breach of the peace. Although Plaintiffs have adequately pleaded an agency

2

relationship between AFS and Equitable, Plaintiffs admit that if the facts ultimately do not demonstrate an employment or agency relationship between AFS and Equitable, there is not a basis for common law vicarious liability. However, Official Comment 3 to Illinois' self-help repossession statute provides Plaintiffs with a basis for holding AFS liable.

As a secured creditor, AFS is allowed to repossess collateral for a default without judicial intervention so long as it does not breach the peace. 810 ILCS 5/9-609(b)(2) (2012). This Illinois self-help repossession statute is taken directly from the Uniform Commercial Code (UCC). The UCC'S Comment 3 for this provision states that, "[i]n considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral." 810 ILCS 5/9-609, Uniform Commercial Code Comment 3 (2012).

AFS' motion goes into great detail regarding the UCC and the legislative history of the Illinois' self-help repossession statute to argue why Comment 3 is inapplicable. However, AFS ignores the fact that other active federal judges here in the Northern District of Illinois have held secured creditors liable by applying Comment 3 and that to rule otherwise not only leaves consumers such as Plaintiffs without a remedy, but gives secured creditors an incentive to hire repossession companies who use any and all means necessary (including breaching the peace) to repossess vehicles.

In two recent cases with similar facts, two judges here in the Northern District of Illinois have ruled that a secured creditor is liable for a repossession company's breach of

the peace. In *Williams v. Republic Recovery Services, Inc., et. al.*, Judge Darrah denied GMAC'S motion to dismiss the breach of the peace count in the plaintiff's complaint. *See Williams v. Republic Recovery Services, Inc., et. al.* 10-cv-6554, document #60, Memorandum Opinion and Order. There, the plaintiff alleged that GMAC was liable for harassment perpetrated by repossession agents in attempting to repossess the plaintiff's vehicle. *Id.* GMAC argued that it was not liable for the acts of its repossession agent, Republic Recovery Services, Inc. ("Republic"), because Republic was GMAC'S independent contractor. In denying the motion, Judge Darrah cited Official Comment 3 and stated that, "the fact that Republic is an independent contractor will not shield GMAC from liability for violations of 810 ILCS 5/9-609." *Id.*

Less than a year later, Judge Kocoras made an identical ruling in another Northern District case involving a plaintiff seeking damages for a violation of Illinois' self-help statute. In *Thompson, et. al. v. Gateway Financial Services, Inc., et. al.*, the secured creditor brought a motion to dismiss plaintiffs' claims for failing to adequately establish an agency relationship between it and the repossession company that breached the peace during an attempted repossession of one of the plaintiff's vehicle. *See Thompson, et. al. v. Gateway Financial Services, Inc., et. al.* 10-cv-7658, document #26. There, Judge Korcoras ruled that, "[secured creditor] loaned money to [plaintiff] for the purchase of a vehicle and that the loan was secured by the vehicle. Plaintiffs also allege that the Repossession Agency acted on [secured creditor's] behalf. Thus, Plaintiffs' allegations are sufficient to claim that [secured party]…may be liable under the Repossession Statute for the actions of the Repossession Agency. *Id.*

From these two recent decisions in cases involving allegations that a repossession company breached the peace in its repossession activities, it is clear that this Honorable Court's reliance upon Comment 3 would be justified. Thus, AFS should be liable for Equitable's agents' breach of the peace.

Furthermore, ruling that a secured creditor, such as AFS, is not liable for its repossessors' breaches of the peace leaves consumers, such as Plaintiffs, without a remedy. It would also encourage secured creditors to hire independent repossessors who routinely breach the peace with impunity in their efforts to repossess collateral.

Part six of Article nine lays out the rights and remedies available when a consumer defaults on a secured transaction. *See generally,* 810 ILCS, Act 5, Article 9, Part 6, (2012). Section 625 is titled: "Remedies for secured party's failure to comply with Article" and sets out a secured party's civil liability for violating the provisions of Article 9, including the self-help repossession statute found in § 609(b)(2). *See generally*, 810 ILCS 5/9-625, (2012). As the title states, this section deals with remedies for *secured parties* but is silent as to a consumer's remedies against such secured parties' independent contractors.

Thus, if secured creditors were allowed to shield themselves from liability by hiring independent contractors to repossess vehicles, consumers such as Plaintiffs would not have a remedy under the UCC as § 625 only provides for remedies directly against the secured creditor. If AFS' position is accepted, secured creditors could wash their hands of liability by hiding behind the common law doctrine that they are not responsible for the actions of their independent contractors, while the repossessor could escape liability by pointing to the fact that they are not secured creditors and § 625 does not

5

apply to them.  Such a result is absurd and illogical:  creating rights with no remedies or rights with a section of remedies that are completely inapplicable.

If AFS' position is accepted, not only would consumers not have a remedy, but secured creditors such as AFS would have the incentive to hire the repossession company with the meanest, toughest, and worst repo agents, who will gladly breach the peace if the ultimate result is that the vehicle is repossessed.  If a secured creditor knows that it can shield itself from all liability concerning its repossessors' torts committed during repossessions, the secured creditor will look to hire a repossessor who gets the vehicle "no matter what" and who is not afraid to breach the peace to get the vehicle.  In other words, the number of repossessions involving breaches of the peace would increase as secured creditors, who are no longer worried about liability in the event of a breach of the peace, would hire repossessors who they know will employ such tactics to repossess vehicles.

Finally, although no Illinois decision has directly held that the duty of a secured creditor to not breach the peace during repossessions is nondelegable, other jurisdictions have come to this holding.  *See Rand v. Porsche Financial Services*, 216 Ariz. 424, 167 P.3d 111, 2007 WL 2702815; *General Finance Corp. v. Smith,* 505 So.2d 1045 (Ala.,1987); 599 So.2d 1020;  *DeMary v Reicker*, 302 N.J.Super.208, 695 A.2d 294, 1997 WL 359072, 33 UCC Rep.Serv.2d 315; *MBank  El Paso, N.A. v Sanchez,* 836 S.W.2d 151, 1992 WL 148108, 17 UCC Rep.Serv.2d 1358; and *Lewis v. Nicholas Financial, Inc.*, 300 Ga.App. 888 (Ga. 2009).  AFS points out that the Illinois appellate court in *Johnson v. Grossinger Motorcorp, Inc.* notes that no Illinois decision has affirmatively addressed whether the duty to repossess without breaching the peace is delegable and the appellate

6

court declined to address it in the case. *Johnson v. Grossinger Motorcorp, Inc.*, 324 Ill.App.3d 354, 365, (1st Dist. 2001). However, the *Johnson* court did not address this issue because it was moot as it had held that no breach of the peace had occurred in the first place. The *Johnson* court stated that, "[e]ven if we were to hold that the Illinois statute creates a nondelegable duty on the creditor to refrain from breaching the peace when repossessing secured collateral, and, therefore, the creditor is liable for any breach of the peace by the independent contractor, there have been no facts alleged in the instant case that would indicate the actions taken during the repossession resulted in an actual or possible breach of the peace." *Id*. Thus, while the *Johnson* court did not affirmatively find that there was a nondelegable duty, it did not need to do so in reaching its decision, and certainly did not hold that the duty was delegable.

Since other judges here in the Northern District of Illinois have held secured creditors, such as AFS, liable for the breaches of the peace committed by their repossession agents, and because a contrary ruling would leave consumers without a remedy and lead to more self-help repossessions involving breaches of the peace, AFS should be held liable Equitable's repo agents' breach of the peace, and its motion to dismiss Count II of Plaintiffs' amended complaint should be denied.

**II.   PLAINTIFFS HAVE ADEQUATELY PLEAD COMMON LAW CAUSES OF ACTION FOR NEGLIGENCE OR WILLFUL AND WANTON CONDUCT IN THE HIRING, RETENTION, AND SUPERVISION OF THE UNKNOWN REPOSSESSION AGENCY.**

Counts III and IV of Plaintiffs' Complaint are directed at AFS and allege that it acted negligently, or in the alternative, willfully and wantonly, in hiring, retaining and/or supervising Equitable. (See Counts III & IV of Plaintiffs' Complaint, "Exhibit A"). Both of these counts adequately plead common law causes of actions and thus, AFS' motion should be denied.

In order to recover on such claims in Illinois, "a plaintiff must show that the defendant negligently hired an independent contractor that it knew or should have known was unfit for the job so as to create a danger of harm to the plaintiff…[and] there must be a connection between the particular unfitness and the independent contractor's negligent act." *Jones v. Beker*, 260 Ill.App.3d 481, 486, (Ill.App. 1 Dist.,1994) *citing DiMaggio v. Crossings Homeowners Association*, 219 Ill.App.3d 1084, (Ill.App.. 2 Dist.,1991). Plaintiffs' amended complaint makes such allegations.

Paragraph 29 of Counts III & IV alleges the fact that AFS knew that the unknown repossession agency's agents were likely to breach the peace when repossessing vehicles. (See ¶ 29 of Counts III and IV, "Exhibit A"). Thus, Plaintiffs have alleged that the unknown repossession agency was unfit for the job in that they were likely to breach the peace in conducting repossession. While Plaintiffs' amended complaint does not explicitly allege that this particular fitness created a danger of harm, it can be implied since a breach of the peace, by definition, can obviously cause harm, in that it is conduct "which incites or is likely to incite immediate public turbulence, or which leads to or is likely to lead to an immediate loss of public order and tranquility. *Chyrsler Credit Corp. v. Koontz,* 227 Ill.App.3d 1078, (Ill.App.Ct.1996). Finally, Plaintiffs have alleged a connection between AFS' conduct and the particular unfitness. Paragraph 32 of both Counts alleges that, but for AFS' conduct, Equitable violated the FDCPA, the self help statute, and committed various common law torts. (See ¶ 32 of Counts III & IV, "Exhibit A"). In essence, Counts III & IV allege that because AFC negligently or recklessly hired Equitable even though its agents were likely to breach the peace during repossessions, Plaintiffs were injured because such a breach of the peace occurred. Therefore, they have stated common law causes of action for negligence or willful and wanton conduct.

AFS cites the *Van Horne* case in support of its argument. There, the Illinois Supreme Court held that the employer's knowledge that its employee had engaged in offensive conduct did not establish that the employer should have known that the employee had a propensity to make false and defamatory statements. *Van Horne v. Muller,* 185 Ill.2d 299, 313-314 (1999). This goes to the required connection between the particular unfitness and the conduct of the employee. Unlike *Van Horne*, Plaintiffs have alleged that AFS knew or should have known about the kinds of acts that Equitable ultimately committed: a breach of the peace and an intentional infliction of emotional distress. Thus, *Van Horne* is distinguishable.

AFS tries to argue that Plaintiffs cannot allege that Equitable was likely to breach the peace because the term "breach of the peace" has never been precisely defined. While it is true that a breach of the peace encompasses different kinds of conduct under different sets of circumstances, courts have given guidance as to what conduct constitutes a breach of the peace. Furthermore, AFS likely receives complaints from consumers which put them on notice of its repossessors' conduct and it can judge whether or not Equitable has a habit of breaching the peace or committing torts during its repossessions.

Thus, Plaintiffs have adequately alleged alternative theories of common law liability against AFS in its hiring, retaining and/or supervising Equitable.

**III. RASHAI JACKSON HAS STANDING AGAINST DEFENDANTS UNDER THE SELF-HELP REPOSSESION STATUTE AS FAMILY MEMBERS ARE ABLE TO CONTEST A REPOSSESSION WHICH COULD LEAD TO A BREACH OF THE PEACE.**

AFS motion contains a two-sentence argument as to why Rashai's claim under the self-help repossession statute should be dismissed. AFS' argument is identical to Equitable's. Therefore, please see heading II of the argument section of Planitiff's Memorandum of Law in Response to Defendant, Equitable's Motion to Dismiss.

**CONCLUSION**

WHEREFORE Plaintiffs, Rosalind Smith and Rashai Jackson, respectfully request this Honorable Court deny Defendant, AFS Acceptance LLC'S Motion to Dismiss in its entirety, or in the alternative, for leave to file a second amended complaint, and for such other and further relief this Honorable Court deems just and appropriate.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiffs*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 1170
Fax 312-476-8530